*McGlothlin v. Mathena*
Civil Action No. 7:21cv377
12/19-21/22

**FINAL INSTRUCTIONS TO JURY**

## Instruction No. 1

Members of the jury, you have heard the parties argue the case and you have heard the evidence. It is now my duty to instruct you as to the law. The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be. During this trial, I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in testimony. Do not assume that I hold any opinion on the matter to which my questions related.

It is your duty to determine from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you believed that the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# Instruction No. 2

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits and the facts that have been stipulated -- that is formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

Certain things are not evidence. I shall list those things for you now:

First: Statements, arguments, questions and comments by lawyers representing the parties in the case and by the unrepresented parties do not constitute evidence.

Second: Objections are not evidence. Lawyers and unrepresented parties have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustained an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been.

Third: Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

Fourth: Anything you saw or heard about this case outside of the courtroom is not evidence.

Finally, during the course of this trial you may have been instructed that some evidence was received for a limited purpose only. You may consider such evidence only for the specific limited purpose for which it was admitted.

# Instruction No. 3

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about a matter that the witness personally saw, heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

**Instruction No. 4**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited solely to what you have seen and heard the witnesses testify. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from the facts which have been established by the evidence in the trial.

**Instruction No. 5**

In these instructions you are told that your verdict depends on whether you find that certain facts have been proved. As this is a civil case, the burden is on the plaintiff to prove every element of his claim by a preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

**Instruction No. 6**

In deciding what the facts are, you may also have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, only part of it, or none of it.

In weighing the testimony of a witness, you should consider his or her relationship to the parties. You must also consider his or her interest, if any, in the outcome of the case, his or her manner of testifying, his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified, the candor, fairness, and intelligence of a witness and the extent to which a witness's testimony is supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

This case should be considered by you as an action between persons of equal worth. All persons are equal before the law and are considered equals in the courtroom today.

## Instruction No. 7

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or a false statement, is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to be given the witness's testimony.

# Instruction No. 8

In weighing a witness' testimony, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should again keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or only a small detail.

In short, you may give the testimony of any witness just such weight and value as you may believe the testimony of such witness is entitled to receive.

# Instruction No. 9

The Plaintiff McGlothlin claims that the Defendant Mathena violated Section 1983 of Title 42 of the United States Code, which is often referred to as "Section 1983."

Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. This statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable in an action . . . for redress.

The Plaintiff claims that the Defendant, while acting under color of state law, subjected him to cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution. The question of whether the Defendant was acting under color of state law is not at issue in this case. What you must decide is whether the Defendant subjected the Plaintiff to cruel and unusual punishment, in violation of his constitutional rights.

Prison walls do not form a barrier separating prison inmates from the protections of the Constitution. Every inmate has the right under the Eighth Amendment to serve his term of imprisonment without enduring "cruel and unusual punishment" at the hands of prison officials. Because prison inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide necessary

medical care to them.

In this case, plaintiff claims that the defendant demonstrated deliberate indifference to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment rights.

**Instruction No. 10**

Whether the Defendant Mathena was acting under color of state law is not at issue in this case. In other words, I instruct you that you must find, for purpose of Section 1983, that Defendant Mathena was acting under color of state law.

Instruction No. 11

In order to prove his Constitutional claim, the burden is upon the plaintiff to establish by a preponderance of the evidence each of the following elements:

First: Plaintiff had a serious medical need;

Second: Defendant was aware that plaintiff had a serious medical need that posed a risk of serious harm;

Third: Defendant failed to provide necessary medical care for plaintiff's serious medical need in deliberate indifference to the risk of serious harm; and

Fourth: Plaintiff was injured as a result of the defendant's deliberate indifference to his serious medical need.

If the plaintiff, proves each of these elements by a preponderance of the evidence, you must find for the plaintiff.

If the plaintiff fails to prove any of these elements, you must find for the defendant.

For the first element, plaintiff must prove a serious medical need. A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would

easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to plaintiff if left untreated.

For the second element, you must determine whether the defendant actually knew plaintiff had a serious medical need and required immediate attention. Put another way, it is not enough to show that the defendant was careless or neglected his job duties and should have known about plaintiff's need And it is not enough to show that a reasonable person would have known of the serious medical need. However, you may find from circumstantial evidence that the defendant knew about the risk of serious harm Further, if the risk of serious harm was obvious, you may, based on that, find that the defendant knew about that risk.

For the third element, to decide whether the defendant was deliberately indifferent to plaintiff's serious medical need, you may consider all the relevant circumstances, including the seriousness of plaintiff's injury, the length of any delay in providing the plaintiff medical care and the reasons for any delay. But the law does not require that plaintiff receive the most advanced medical response to his serious medical need.

For the fourth element, you must determine if the defendant's conduct caused any injury to the plaintiff. The defendant's conduct caused injury to plaintiff if plaintiff's condition was caused or worsened by defendant's conduct or defendant's conduct posed an unreasonable risk of serious damage to plaintiff's future health, and the plaintiff's injuries were a reasonably foreseeable consequence of the defendant's conduct.

# Instruction No. 12

Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. Deliberate indifference requires a showing of more than negligence or even gross negligence. Negligence is the failure to exercise ordinary case. Gross negligence is a degree of negligence which shows an indifference as to constitute an utter disregard of prudence amounting to the complete neglect of the safety of another. Gross negligence does not require that the defendant know of a particular risk; it is sufficient that the defendant should have been aware of that risk.

Accordingly, for a defendant to act with deliberate indifference, his conduct must be egregious, and plaintiff must prove defendant knew of and disregarded an excessive risk to plaintiff's health and safety.

An inmate's mere disagreement with the type or amount of medical treatment he receives is not sufficient to meet this test. Deliberate indifference requires that the treatment given be so grossly incompetent, inadequate or excessive as to shock the conscience or be intolerable to fundamental fairness. Negligence, malpractice or incorrect diagnosis do not, alone, violate the Eighth Amendment.

**Instruction No. 12A**

Any amount of damages requested is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

# Instruction No. 13

If you find in favor of the plaintiff, you must award the plaintiff such a sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find that he sustained and is reasonably certain to sustain in the future as a direct result of the acts of the defendant. You should consider the following elements of damages:

> The physical pain and mental suffering that he has experienced; the nature and extent of the injury, and whether the injury is temporary or permanent; The reasonable value of the medical care reasonably needed by and actually provided to the plaintiff; The wages he has lost and the reasonable value of the earning capacity he is reasonably certain to lose in the future because of any inability to work.

The burden is on the plaintiff to prove, by the greater weight of the evidence, each item of damage he claims and to prove that each item was caused by the defendant's improper conduct. The plaintiff is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of his damages. If the plaintiff fails to do so, then he cannot recover.

Instruction No. 14

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

# Instruction No. 15

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or by having you returned to the court room so that I can address you orally. Remember that you should not tell anyone -- including me -- how your vote stands numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Finally, a verdict form is simply written notice of a decision that you reach in this case. ~~The form submitted to you is in the form of questions.~~ You will take this form to the jury room, ~~and when each of you has agreed on the answers,~~ your foreperson will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.